IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04147-RBJ

ROBERTO ZAVALA VAZQUEZ,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Roberto Zavala Vazquez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.

Petitioner is a native and citizen of Mexico. He alleges that he has lawfully entered the United States three times as a temporary worker. He entered on August 13, 2015, complied with the terms of admission, and departed. He entered again on June 9, 2016, complied with the terms of admission, and departed. He entered for a third time on April 9, 2019, but this time he remained beyond his authorized period of stay. Thus, he apparently has been living in the United States continuously for about seven and a half years. *Id.* at 5-6.

On May 21, 2024 he married Brenda Munguia Sandoval in Phoenix, Arizona. They have two biological children and three other children that are his stepchildren. Four of the five children are United States citizens, born in Maricopa County, Arizona. He alleges that because the oldest child, Jorge, turns 21 on June 3, 2027, he will then be able to file an immediate relative petition on Mr. Zavala Vazquez's behalf pursuant to INA section 101(b)(1)(B), 8 U.S.C. § 101(b)(1)(B). He further alleges that because he was inspected and admitted, he is eligible to adjust status under INA § 245(a) if such a petition is approved, and the bar in § 245(c)(2) does not apply to immediate relatives. For those reasons, among others, he has "every reason to appear and none to abscond." *Id.* at 6.

The Petition states that Mr. Zavala Vazquez is a construction worker, files U.S. tax returns, and has a Social Security number valid for work with DHS authorization. According to his 2025 federal tax return he earned $37,416 that year. He, his wife, and the children have lived in the same leased residence since March 1, 2023. He lists a Family Support Specialist, a coworker, a family friend, a cousin, and the property manager of the family residence as people who can attest to his character. *Id.* at 6-7.

Mr. Zavala Vazquez acknowledges that he was involved in an incident in Maricopa County, Arizona, on March 4, 2020, resulting in his pleading guilty to extreme driving under the influence, a Class 1 Misdemeanor. He served his

sentence, and all fines and restitution have been paid. The case has been closed. That is the only criminal charge he has ever had. *Id.* at 7.

Mr. Zavala Vazquez was taken into ICE custody in July 2026 He was initially detained in Florence, Arizona, but then transferred to the federal detention center in Aurora, Colorado. *Id.* at 7-8. He appeared before an immigration judge for a custody redetermination on July 30, 2026. The IJ checked a box, and explained, "Denied, because Respondent did not establish he is not a danger." *Id.* at 8. He contends that that sentence wrongfully placed the burden on him to prove a negative about himself as a condition of his liberty, contrary to the Due Process Clause. *Id.* at 2. The order did not explain why a single fully discharged misdemeanor from 2020 made him a danger to the community. It did not find that he is a flight risk. Indeed, it made no findings of fact, and it did not identify the evidence on which the IJ relied. *Id.* at 2, 8.

He also informs the Court that he was placed in removal proceedings under INA section 240 before the Aurora Immigration Court on July 22, 2026. A Master Calendar hearing is scheduled for September 8, 2026. *Id.* at 8.

Mr. Zavala Vazquez requests that the Court, among other things, order his immediate release or, alternatively, order the Immigration Court to conduct a new bond hearing with conditions including that the government will bear the burden of

proof by clear and convincing evidence, and that the IJ must make findings of fact on the record. *Id.* at 17.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Wednesday, September 9, 2026 to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance. Within 7 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to

the district court's authority to set deadlines" and granting respondents a 14-day deadline to respond) (omitting internal citations).

Dated: September 4, 2026. BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge