IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04147-RBJ

ROBERTO ZAVALA VAZQUEZ,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Roberto Zavala Vazquez's ("Petitioner") Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). ECF No. 1.

Petitioner seeks an order declaring his current immigration detention unlawful under the Constitution and United States law and asks this Court to order his release, or, in the alternative, to grant him a constitutionally adequate custody redetermination hearing. *Id.* at 3. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 6 at 1-2. If so, Respondents state that the appropriate relief would be to order a bond hearing for Petitioner or to release him. *Id.*

For the reasons set forth below, the Court agrees that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

Petitioner is 30-year-old citizen of Mexico currently believed to be detained at the Aurora ICE Processing Center in Aurora, Colorado. ECF No. 1 at 4. Petitioner has been admitted lawfully to the United States three times as a temporary worker, in 2015, 2016, and 2019. *Id.* at 5-6. Each time he was inspected and complied with the terms of his admission by departing when required, except on his last admission, where he remained beyond his authorized period of stay. *Id.*

Since then, Petitioner has married and has two biological children and three stepchildren. *Id.* at 6. Four of the children are United States citizens. *Id.* Petitioner alleges that he has a "concrete path to lawful permanent residence" in approximately a year when his stepson turns twenty-one and he will be eligible to adjust status under the Immigration and Nationality Act section 245(a). *Id.*

Petitioner also admits that he pleaded guilty in 2020 in Arizona to an extreme driving under the influence charge, a "Class 1 Misdemeanor." *Id.* at 7. Petitioner completed his sentence, paid all fines and restitution, and the case has been closed. *Id.*

In July of 2026, Immigration and Customs Enforcement (ICE) detained Petitioner in Florence, Arizona. *Id.* ICE then transferred him to Colorado where he

is now currently detained and in removal proceedings. *Id.* at 8. Petitioner moved for a custody redetermination and an Immigration Judge issued an order on July 30, 2026, denying his request for a change in custody status. *Id.* The denial stated that it was "because [Petitioner] did not establish he is not a danger." *Id.*

On September 3, 2026, Petitioner filed this Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner argues that his detention violates his rights because his custody redetermination was constitutionally deficient and violated federal law. *Id.* at 2. Specifically, Petitioner asserts that the redetermination improperly allocated the burden of proof onto him, was unsupported by findings, made no individualized determination, and failed to consider alternatives to detention. *Id.* at 11-14. Petitioner also maintains that his continued detention is not reasonably related to a legitimate government purpose. *Id.* at 15.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a

hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

During a § 1226 custody redetermination hearing, the burden is on the government to prove that continued detention is necessary to fulfill the statutory goals of "ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Guerrero Sanchez v. Sabol*, No. 1:15-CV-2423, 2016 WL 7426129, at *4 (M.D. Pa. Dec. 23, 2016) (citation omitted). The bond hearing must be individualized. *Id.* A bond determination must also be based on a record created by the decisionmaker and disclosed to the detainee. *Perez Serrano v. Hagan*, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026).

Here, the record demonstrates that the Immigration Judge focused solely on Petitioner's alleged failure to establish that he was not a danger. ECF No. 1 at 8. In fact, the Immigration Judge's written decision does not make any mention of individualized evidence or arguments relating to Petitioner, nor does it meaningfully engage with any of the statutory goals for continued detention. Finally, Respondents have offered no evidence to undermine Petitioner's allegations that his continued detention is unlawful, and their response brief effectively concedes as much. The Court therefore concludes that Petitioner's continued detention is unconstitutional.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that release is an appropriate remedy in this case if the Court grants the writ. ECF No. 6 at 1-2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: September 18, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.